UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA OEHRING, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>CORDIS CORPORATION, et al.,<br><br>        Defendants. | Case No. 16-cv-03088-JSW<br><br>**ORDER GRANTING, IN PART, AND DENYING, IN PART, MOTION TO STAY, SETTING BRIEFING SCHEDULE ON MOTIONS TO DISMISS AND SETTING MOTIONS FOR HEARING ON AUGUST 5, 2016**<br><br>Re: Dkt. Nos. 7, 13, 20, 21 |

Now before the Court for consideration is Plaintiffs' motion to stay. (Docket No. 21.) The Court concludes a response from Defendants is not warranted, for the reasons set forth in the remainder of this Order.

On June 13, 2016, Defendant Cordis Corporation filed a motion to dismiss. (Docket No. 7.) Based on that filing date, Plaintiff's opposition was due on June 27, 2016, even though this case was subsequently reassigned to the undersigned Judge. (*See* Docket No. 10.) Defendant Cardinal Health filed a motion to dismiss on June 16, 2016, and under the Local Rules, Plaintiffs' opposition to that motion is due on June 30, 2016.

On June 24, 2016, instead of filing an opposition to Cordis' motion, Plaintiffs filed a motion to stay, in which they ask that the Court stay consideration of the motions to dismiss in favor of their motion to remand, filed that same date. In the alternative, Plaintiffs ask that the Court grant them an extension to respond to the motions to dismiss. Each of these motions was corrected in a non-substantive manner on June 27, 2016, and are set to be heard on July 29, 2016, with Cardinal's motion to dismiss.

Plaintiffs filed the motion to stay shortly before the date their opposition to Cordis' motion

1  was due, but did not seek to have it heard on shortened time.  They also did not file an
2  administrative motion to extend the deadline to respond to Defendants' motions.  Thus, the
3  Defendants are not required to respond to the motion to stay until well after Plaintiffs' deadlines to
4  respond to their motions to dismiss have passed.

5  The Court has the inherent power to manage its own docket.  *See Landis v. N. Am. Co.*,
6  299 U.S. 248, 254 (1936).  The Court agrees that the motion to remand should be considered prior
7  to a ruling on the motions to dismiss, because it implicates this Court's jurisdiction.  However, the
8  Court does not find good cause to stay briefing on the motions to dismiss.  Rather, the Court finds
9  that, in the interests of judicial economy and efficiency, it shall hear both motions to dismiss and
10  the motion to remand on the same date.  Therefore, the Court CONTINUES the hearing on
11  Plaintiffs' motion to remand and Cordis' motion to dismiss to August 5, 2016, when Cordis has
12  re-noticed its motion to dismiss.

13  The briefing schedule on Plaintiffs' motion to remand shall remain unchanged and
14  Defendant's opposition shall be due on July 8, 2016.  Plaintiffs' reply shall be due on July 15,
15  2016.

16  In light of the fact that Plaintiffs have not filed an opposition to Cordis' motion within the
17  time required by the Local Rules, and because the Court concludes that the motion should be
18  resolved on its merits, the Court will grant Plaintiffs a brief extension to respond to Defendants'
19  motions to dismiss.  Plaintiffs shall file their opposition briefs by no later than July 8, 2016.  The
20  Court shall grant Defendants an extension of time to submit their reply briefs, which may be filed
21  by July 20, 2016.

22  If the Court finds that any of the motions are suitable for disposition without oral
23  argument, it will notify the parties in advance of the hearing date.

24  **IT IS SO ORDERED.**

25  Dated: June 29, 2016

_____
JEFFREY S. WHITE
United States District Judge